UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WINDER,<br>Plaintiff<br>v.<br>JOHN MCMAHON, et al.,<br>Defendants. | Case No. 5:17-cv-00605-GJS<br><br>**MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT** |

The three remaining defendants in this case, the County of San Bernardino and Deputies Bustamante and Ortiz, move for summary judgment as to all of plaintiff Richard Winder's claims. (Motion for Summary Judgment ("Mtn.") [Dkt. 32].) Defendants move for summary judgment on the basis, *inter alia*, that Winder's claims against them are barred by the rule set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), and the County moves for summary judgment on the additional basis that Winder has not adduced evidence to support liability pursuant to *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978).[1] Having carefully reviewed the record and the applicable law, the Court hereby GRANTS summary judgment, as discussed further below.

---

[1] Defendants also argue that Winder's claims are barred by the doctrines of qualified

1

## I. PROCEDURAL HISTORY

Plaintiff Winder filed the operative complaint in this action on March 29, 2017, alleging the following: a claim under 42 U.S.C. § 1983 for violation of civil rights due to use of excessive force ("First Cause of Action"); a claim against the individual defendants for failure to intervene, in violation of 42 U.S.C. § 1986 ("Second Cause of Action"); and a claim alleging unlawful customs and practices under 42 U.S.C. § 1983 (a *Monell* claim) against the Sheriff and County of San Bernardino ("Third Cause of Action"). (Compl. [Dkt. 1].) The claims against Defendants Sheriff McMahon and Sgt. C. Jiles and the Second Cause of Action were thereafter dismissed, (Notice of Dismissal, [Dkt. 16]), leaving only the claims against the moving defendants at issue.

## II. FACTS

The following facts are undisputed unless otherwise noted and discussed below. Where a genuine dispute of material fact exists, the court draws reasonable inferences in favor of the non-moving party. *Tolan v. Cotton*, 752 U.S. 650, 660 (2014). Both parties cite facts that are not relevant to resolution of the pending motion. To the extent certain facts are not mentioned in this Memorandum, the Court has not relied on them in reaching its decision.

On September 30, 2016, Winder was convicted of violating California Penal Code § 69, which states that "[e]very person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or who knowingly resists, by the use of force or violence, the officer, in the performance of his or her duty" is guilty of a violation of the statute. Cal. Pen. Code § 69. To prove a violation of this statute, the People

---

immunity and judicial estoppel. Given the Court's decision that all of Winder's causes of action are *Heck*-barred, the Court will not address defendants' additional contentions.

must demonstrate, as an element of the crime, that the officers were acting lawfully in performing their duties. *People v. Cruz*, 44 Cal. 4th 636, 673 (2008) ("[I]t is also a well-established rule that when a statute makes it a crime to commit any act against a peace officer engaged in the performance of his or her duties, part of the corpus delicti of the offense is that the officer was acting lawfully at the time the offense was committed.") (internal quotation marks omitted). Winder pled no contest to a violation of Section 69, stipulating that the factual basis for his conviction and sentencing (which included a charged prior strike for robbery) were contained in the transcript of the preliminary hearing and his rap sheet. (Mtn., Ex. C Tr. of Plea Hr'g [Dkt. 32-5] at 3:8-20.)[2]

Only Deputy Bustamante testified at the preliminary hearing. According to his testimony, he was on duty on March 29, 2015, when he was dispatched to the scene of a domestic disturbance call. (Mtn., Ex. A Tr. Of Prelim. Hr'g at 2-3.) He noticed Winder, who matched the description of the man in the call, who at first ran from him. (*Id.* at 3-4.) Deputy Bustamante gave Winder commands to keep his hands up, but according to the deputy's testimony, Winder did not listen and reached into his pocket to pull out a cell phone. (*Id.* at 4-5.) Bustamante then ordered Winder to the ground. (*Id.* at 5.) Winder initially complied, but when Bustamante went to handcuff Winder, he "began to push off the ground like he was trying to escape." (*Id.* at 5:27-28.) Winder got to his feet, pushed the deputy off, and started running. (*Id.* at 6.) Bustamante caught the back of Winder's t-shirt, Winder lost his footing, and Bustamante caught back up to him. (*Id.*)

---

[2] Winder notes that only Deputy Bustamante was named as a "victim" in the one-count complaint , and argues that his claim cannot be *Heck*-barred as to Deputy Ortiz because he was not mentioned. (*See* Pltf. Opp. to Def. Mot. for Summ. J. "Pltf.'s Opp." [Dkt 37] at 1, 6.) For the reasons explained herein, Winder's argument is without merit.

3

At that point, according to Deputy Bustamante's testimony at the preliminary hearing, he (the deputy) tried to pull Winder to the ground. (*Id.*) Winder "kind of swiped across [Bustamante's] face and hit [him] near [the] right face because [Bustamante's] glasses fell off, and they broke," and then Bustamante pulled Winder to the ground. (*Id.* at 6:25-28.) They "started fighting again," and nothing Bustamante did was "effective in subduing him." (*Id.* at 7:1-11.) "[T]he fight just continued over a 30-second to one-minute duration" with Bustamante trying to pull Winder to the ground, "fighting with him," and Winder continuing to try to "push" the officer; Winder "caught [the deputy's] throat area" while pushing him. (*Id.* at 7:20-25.) Bustamante then disengaged because he "didn't want to keep fighting with him" and "didn't want to hurt [himself]," gave Winder further verbal orders and a chance to comply, and then – when Winder did not comply – delivered strikes to his lower leg with his baton. (*Id.* at 8:1-16.) According to the testimony, Winder continued to ignore commands and tried to get off the ground in a push up position. (*Id.* at 8.) Bustamante got Winder in a headlock from the front and held Winder, who had his arms wrapped around the officer. (*Id.* at 8-9.) Deputy Bustamante "had to sit down a little bit to keep him in the headlock position in order to keep him from getting back up." (*Id.* at 9:1-3.) It was then that Deputy Ortiz showed up and struck Winder with his baton. (*Id.* at 9.) "After that, he was still fighting because none of the strikes were effective." (*Id.* at 9:7-9.) "[S]hortly after that, [Deputies Bustamante and Ortiz] had to force his hands behind his back . . . because he was still trying to take – trying to get away from [them], pushing [their] arms, pulling [their] arms off of him." (*Id.* at 9:10-13.)

During the preliminary hearing, Winder's criminal defense counsel cross-examined Deputy Bustamante. At the close of evidence, counsel argued that the People had not made their case, because Deputy Bustamante's use of force was excessive:

4

> The detention at gunpoint I don't think the detention's lawful no matter
> what, but the detention at gunpoint and ordered to the ground is
> excessive. If that's not excessive, the baton strikes escalating it all the
> way up to nonlethal but very close to lethal force was excessive force.

(*Id.* at 20:22-27.) The judge acknowledged the arguments of excessive force and that Winder was free to bring them up at trial, but held Winder to answer "based on the standard of proof at a preliminary hearing." (*Id.* at 21:26-22:5.) The court found that there was "sufficient cause to believe that the offense set forth in the Complaint ha[d] been committed." (*Id.* at 21:26-22:6.)

Contrary to his plea in open court to having violated Penal Code § 69, Winder now avers in his complaint that he never resisted the deputies or did anything to warrant being struck by either deputy's baton. (Compl., [Dkt. 1] ¶ 30 ("Plaintiff was at all times compliant and never resisted or refused any deputy's command.").) Winder contends in his declaration and argument in support of his opposition to Defendants' motion that he never intended to resist Deputy Bustamante or Deputy Ortiz. (*See generally* Winder Decl. in support of Pltf.'s Opp. [Dkt. 39].) Rather, according to Winder, after he fully complied with the Deputy Bustamante's request to get on the ground, the deputy "got on top of me, and elbowed me in the spine." (Id. ¶ 8.) Winder states that he arched his back in response and pushed Deputy Bustamante off in the process. (Id. ¶ 8.) After that point, according to Winder's declaration, the deputy put him in a "headlock/chokehold," and lifted him off the ground so that he could not breathe. (Id. ¶ 9.) He thereafter fell on the ground and did not struggle further, nor did he attempt to "punch, kick, or fight Deputy Bustamante." (Id. ¶¶ 10-12.) He contends that after the baton strikes by Deputy Bustamante, he was on the ground in the fetal position, not resisting, when Deputy Ortiz arrived and broke his left leg with strikes from his baton. (Id. ¶¶ 21-22.)

Defendants present the declaration of Deputy Ortiz, whose testimony is consistent with that of Deputy Bustamante. (Mtn., Ex. F Dep. of Deputy Ortiz.

[Dkt. 32-8].) However, the issue before the Court is whether Winder's sworn statements in this case, which are inconsistent with that of Deputy Bustamante during the preliminary hearing, can form the basis for an excessive force claim where Winder agreed that the preliminary hearing transcript provided the basis for his Penal Code § 69 conviction. Deputy Ortiz's testimony is irrelevant to that question.

For the reasons set forth below, based on Winder's plea and adoption of the preliminary hearing transcript, without qualification, as a basis for his plea, the Court holds that this case is *Heck*-barred. A finding in favor of Winder in this case would, of necessity, undermine his criminal conviction and require collateral litigation of an issue already determined in the prior action, in violation of *Heck*.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that it believes demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party has met its burden, the burden shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *See id.* at 324. The nonmoving party is "required to present significant probative evidence tending to support [its] allegations." *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (internal quotation omitted). Where a genuine dispute of material fact exists, the court draws reasonable inferences in favor of the non-moving party. *Tolan*, 752 U.S. at 660. "The mere existence of a scintilla of evidence" is insufficient to raise a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, there is no

genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV. DISCUSSION

As a preliminary matter, Winder failed to oppose the County's motion for summary judgment on the *Monell* liability issue. In fact, the *Monell* case is nowhere cited in Winder's opposition. In addition, the Court has independently reviewed the evidence and argument cited in support of the motion with respect to this issue and finds nothing in the record to demonstrate a material issue of fact exists with respect to the *Monell* issue. The Court thus grants summary judgment on the *Monell* "claim" alleged in the Complaint.

Defendants also move for summary judgment based on the *Heck* doctrine, arguing that Winder's plea to a violation of Penal Code § 69 – based on his agreement that the preliminary hearing transcript provided a factual basis for that plea – necessarily means that his Section 1983 claim is barred under *Heck*. Defendants contend that a finding in favor of Winder on his civil rights claim would necessarily imply the invalidity of his conviction, because an element of a charge for resisting arrest (under either Penal Code § 148 or § 69) is that the officer defendants acted properly, without the use of excessive force.

Winder disagrees, arguing that a finding that one or both of the deputies used excessive force would not necessarily call his conviction into question. He primarily argues that even accepting that the preliminary hearing transcript provided the basis for his no contest plea, he is still able to ask a civil jury to decide what, specifically, within that testimony actually formed the basis for the conviction. In other words, despite Winder's agreement that the judge accepting his plea should rely on the facts set forth in the hearing transcript to find a basis for his plea, he asserts that "there was no specific factual basis for the plea." (Pltf. Opp. to Def. Mot. for Summ. J. "Pltf.'s Opp." [Dkt 37] at 1.) Winder also argues that it was "clearly never adjudicated at the time of the preliminary hearing" that the officers

did not use excessive force when they struck him with their batons, and that Deputy Ortiz cannot be immunized from suit even if Deputy Bustamante is, because Deputy Ortiz was not a named victim against whom Plaintiff used force when resisting arrest. (*Id.*)

Although Winder correctly points out that a plea to resisting arrest does not necessarily bar a Section 1983 claim, even when the acts constituting both the illegal conduct and the alleged excessive force arise from one "continuous transaction," *see generally Yount v. City of Sacramento*, 43 Cal. 4th 885 (2008), the Court holds that the instant case is *Heck*-barred for the reasons set forth below.

The so-called "*Heck* bar" is based on the following paragraph in the Supreme Court's opinion:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment

against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. at 486-87 (footnotes omitted).

However, a valid conviction under Penal Code § 69 or other California statute that makes it a crime to resist, obstruct, or delay a peace officer in the performance of his or her duties "can be valid even if, during a single continuous chain of events, some of the officer's conduct was unlawful," because the conviction itself "requires only that some lawful police conduct was resisted, delayed, or obstructed during that continuous chain of events." *Hooper v. County of San Diego* 629 F.3d 1127, 1131 (9th Cir. 2011) (citing *Yount v. City of Sacramento*, 43 Cal. 4th 885, (2008)). The conduct on which the plea was based may coexist with conduct supporting a Section 1983 claim when "two isolated factual contexts exist." *Hooper*, 629 F.3d at 1132, 1134.

A critical issue in the cases that both pre-date and followed the opinions of the California Supreme Court in *Yount* and the Ninth Circuit in *Hooper* was whether there was a factual basis in the record from which the Court could determine whether "two isolated factual contexts" did or could reasonably exist. As discussed below, whether the distinction was spatial, temporal, or in use of an unreasonable *level* of force (for example, but not limited to, the unwarranted use of deadly force), if a trier of fact has evidence of the actions taken by both the criminal defendant and officers – *and there is no exception or reservation made by the defendant regarding the facts on which to rely in making a decision* – and nevertheless finds the criminal defendant guilty, the trier of fact by necessity finds all of the officer's behavior to have been lawful.

The Ninth Circuit's decision in *Beets v. County of Los Angeles*, 669 F.3d 1038 (9th Cir. 2012) – decided after both *Yount* and *Hooper* – is instructive. There, as here, "Plaintiffs attempt to avoid [the conclusion that the case is *Heck*-barred] by arguing that there are several possible factual bases for Morales' conviction and that

9

therefore Morales' conviction is not necessarily based on the same factual basis as the alleged civil rights violations." *Beets*, 669 F.3d at 1045. Morales, the criminal defendant in the underlying case, was convicted by a jury. *Id.* The Ninth Circuit, relying on *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005), held that the jury verdict "necessarily determine[d] the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would 'necessarily imply the invalidity of his conviction.'" *Beets,* 669 F.3d at 1045 (quoting *City of Hemet*, 394 F.3d at 699 n.5) (internal citations omitted).

The *Beets* court distinguished another Ninth Circuit case, *Sanford v. Motts*, 258 F.3d 1117 (9th Cir. 2001). In *Sanford*, the Ninth Circuit held the plaintiff's civil rights claim was not *Heck*-barred. *Sanford,* 258 F.3d at 1118. There, as here, the defendant was convicted by way of a plea of *nolo contendre*. *Id.* Critically different, however, the *Sanford* court pointed out that "[n]othing in the record inform[ed] [the court] what the factual basis was for Sanford's plea of nolo." *Id.* at 1119.

The case before the Court involves a *nolo* plea, but one in which the plaintiff – defendant in the underlying criminal case – agreed that the hearing transcript from the preliminary hearing supplied the factual basis for his plea. Winder did not limit his agreement to only certain portions of the transcript, provide a separate factual basis, or in any other manner suggest that the criminal trial judge should not rely on any particular portion of the transcript in finding a factual basis for his plea. Defendants argue that this fact precludes Winder from picking apart and collaterally attacking the basis for the plea in later civil litigation, as this would essentially allow re-litigation of some or all of his criminal case, which is exactly what the *Heck*-bar is designed to prevent. In other words, the case is more akin to one in which the plaintiff went to trial in the underlying case, as in *City of Hemet*, rather than *Sanford*. Winder disagrees, and at the hearing on Defendants' summary judgment

motion, Winder's counsel stated that there were additional cases he could provide to the Court with facts "exactly like" this one. The Court gave both sides the opportunity to submit additional authority in support of their respective positions.

Winder provided the Court with copies of both the District Court memorandum, and the non-precedential Ninth Circuit affirmance, in *Paris Holloway v. City of Pasadena, et al.*, Case No. 15-cv-03867 CAS (JCx) (C.D. Cal., October 19, 2015) (Hon. Christina A. Snyder). In *Holloway*, the plaintiff alleged that he was walking near some apartments in Pasadena when he was approached by police "because of the clothing that [he] was wearing." (Pltf.'s Supplemental Authority, Ex. A District Court Order [Dkts. 55-1, 55-2] at 2 (quoting *Holloway* FAC at ¶¶ 13-16).) According to Holloway, he ran away from the police, and while still facing away from the officer, tossed a gun over a fence. (*Id.* (quoting *Holloway* FAC at ¶¶ 21-24).) He further alleged that he was shot in the back by the defendant officer, causing severe spinal injury. (*Id.* (quoting *Holloway* FAC at ¶¶ 36, 47).) Holloway pled no contest to a violation of Penal Code § 69. (*Id.*)

On motion to dismiss, the District Court found the case was not *Heck*-barred. (*Id.* at 7). The court concluded that the plaintiff's no contest plea did not, as the record stood at the pleading stage, necessarily determine the lawfulness of the officer's actions throughout the entire transaction. (*Id.* at 6). The court quoted *Kyles v. Baker*, for the proposition (among others) that a complete bar of claims was not proper where nothing in the record before the court "reveal[ed] the factual basis for [plaintiff's] conviction." (*Id.* (quoting *Kyles v. Baker*, 72 F. Supp. 3d 1021, 1037 (N.D. Cal. Oct. 31, 2014).) Thus, in *Holloway,* the court found that "under the facts as alleged, which the Court accepts as true for purposes of the [motion to dismiss], 'the [section 69] conviction and the § 1983 claim are based on different actions during "one continuous transaction."'" (*Id.* at 6, quoting *Hooper*, 629 F.3d at 1134.)

The Ninth Circuit affirmed the *Holloway* memorandum in an unpublished disposition , reiterating that on appeal from a motion to dismiss it accepted all

11

factual allegation in the complaint as true. (Pltf.'s Supplemental Authority, Ex. B Court of Appeals Order [Dkt. 55-3] at 2-3.). Neither the District Court nor the Court of Appeals considered the type of evidence presented to this Court on summary judgment. It would have been improper to do so. Without a factual basis for Holloway's no contest plea, the court properly held that it was possible to construe Holloway's no contest plea as consistent with the facts alleged in his complaint. (*Id.* at 3.)[3] *Holloway* thus provides no support for Winder, here, given both the procedural posture of the case and the critical fact that we ***do*** know the factual basis for Winder's nolo plea.

Winder cited a second unpublished minute order from this District, *James Parker v. County of Los Angeles*, 2:12-cv-0064-SVW (FFMx) (November 29, 2012), in which District Judge Stephen V. Wilson found that plaintiff Parker's case was not *Heck*-barred by his plea of *nolo contendere* to a charge of violating Penal Code § 69. (Pltf.'s Supplemental Authority, Ex. C District Court Order [Dkt. 55-4.]) The *Parker* case arose out of an incident that occurred when the plaintiff was a pretrial detainee. (*Id.* at 1.) The plaintiff and deputies fought, with the plaintiff alleging that he was kicked, punched, and tased multiple times after the parties fell to the ground and he stopped resisting arrest. (*Id.* at 2-3.) In the underlying criminal case related to the fight, Parker was held to answer after a preliminary hearing and then tried. (*Id.* at 3.) The jury hung. (*Id.*) After the mistrial, Parker entered a plea to a violation of Penal Code § 69. (*Id.*) Winder contends that the

---

[3] The *Holloway* case has now proceeded through discovery, and the defendants in that case have recently filed a motion for summary judgment, again asserting that the case is *Heck* barred. While the *Holloway* case may be similar – defendants in *Holloway* assert in the pending summary judgment proceedings that the plaintiff agreed, as in this case, that the preliminary hearing transcript in his criminal case provided the factual basis for his plea – the Court is not familiar with the record in that case and has not taken, nor can it, any view of the merits of the *Holloway* defendants' motion.

*Parker* case is on all fours with what happened here, where Winder contends that the officers used their batons to strike him after he fell to the ground and stopped resisting during one continuous transaction.

Unlike the *Holloway* case discussed above, *Parker* was decided on summary judgment. But critically – and what distinguishes *Parker* from the case before this Court – "Plaintiff's defense counsel [in *Parker*] concurred in the plea [to violation of § 69] . . . ***but did not stipulate that the police report, preliminary hearing transcript, and past trial transcripts were the factual basis of the plea***." (*Id.* at 3-4 (emphasis added).) The judge in the underlying criminal proceeding did not "elaborate[e on] the basis for its finding," only finding the plaintiff guilty "based on his plea." (*Id.* at 4.) Because factual issues remained as to what conduct supported Parker's plea, summary judgment was not proper. (*Id.* at 6-7 n.5 (quoting *Smith v. City of Hemet*, 394 F.3d at 698-99 for the proposition that Smith's Section 1983 action was not *Heck*-barred where the "record contained 'no information as to which of his actions constituted the basis for his plea.'").)

The Court also received supplemental authority from defendants in this case. They cite *Melgar v. Lopez*, 2:14-cv-08316-DOC, 2015 WL 5768368 (C.D. Cal. Sept. 9, 2015) (Hon. Andrew J. Wistrich), in further support of their contention that this case is barred under *Heck*. In *Melgar*, the court dismissed the plaintiff's Section1983 claim with leave to amend, finding that his contention that officers used excessive force against him "while escorting him on the catwalk and in the elevator" after he was "handcuffed 'without incident or resistance'" was at odds with the police reports and preliminary hearing transcript that were attached to plaintiff's complaint. *Id.* at *7. The court concluded that "even when the FAC and attached exhibits are viewed in the light most favorable to plaintiff, he has not alleged facts plausibly suggesting that his *nolo contendere* pleas and convictions under PC sections 69 and 245(c) and his section 1983 claim 'are based on different actions during one continuous transaction' or arise from 'two isolated factual

13

contexts' during 'one continuous chain of events.'" *Id.* (quoting *Hooper*, 629 at 1132, 1134) (further internal quotation marks omitted).[4]

Defendants also cited *Webb v. City and County of San Francisco*, No. 11-00476 CRB, 2011 WL 6151605 (N.D. Cal. Dec. 12, 2011) in their supplemental filing. As here, the plaintiff in *Webb* had entered a no contest plea to a charge of violating Penal Code § 69. *Id.* at *6. Also as in this case, the factual basis for the plaintiff's plea was "based on the evidence presented by the district attorney at the preliminary hearing." *Id.* at *4. Plaintiff contended that he "offered no resistance, or no serious resistance" to his arrest, and that he "never was aggressive by throwing straight punches or straight kicks directly at any officer" and that he was merely "trying to protect himself" and the "amount [of] force was used to protect himself." *Id.* at *7 (alteration in original). Because the plaintiff's claim that he offered no serious resistance was directly at odds with his no contest plea, the *Webb* court held his Section 1983 and state law claims were *Heck*-barred. *Id.* Although the plaintiff in *Webb* does not appear to have tried to retrofit his version of events to fit the testimony given at the preliminary hearing with quite the finesse Winder does here, the facts of the case are nevertheless strikingly similar to those presently before the Court.[5]

---

[4] The Plaintiff in *Melgar* filed a second amended complaint. [Case No. 2:14-cv-08316-DOC, Dkts. 42, 44.] The case was later dismissed based on Melgar's failure to prosecute. *Id.* [Dkts. 53, 54.]

[5] Plaintiff's original complaint in this action states that he never resisted arrest. He has retreated from that position, although he maintains that his actions may have been perceived as resisting arrest, even though that was not his intent. (*E.g.*, Pltf.'s Opp [Dkt 37] at 6 (the alleged excessive force after Winder was on his buttocks on the ground, "all which arose after the events giving rise to the factual basis for Winder's PC 69 conviction")); (*id.* at 8 ("A reasonable officer would certainly find it threatening if a suspect did not comply with the officer's commands to show his hands, and instead," pulled a cell phone from his waistband that "Bustamante feared could be a weapon")); (*id.* at 9 ("According to Winder . . . all resistance occurred before Winder went down to the ground . . . .")).

14

Taking the cases discussed above together, the Court holds that Winder's claims are *Heck*-barred. First, Winder's essential contention in his complaint, deposition testimony, and declaration, is that he never actually resisted arrest. That claim simply cannot stand. *Yount*, 434 Cal. 4th at 898 ("to the extent that Yount's section 1983 claim alleges that he offered no resistance," the claim is barred); *Webb*, 2011 WL 6151605, at *7 (N.D. Cal. 2011). And to the extent Winder now speculates that perhaps he was *perceived* as resisting, or that he resisted at first and then stopped (which is inconsistent with his own sworn statements), and that what happened may be sliced and diced temporally to manufacture a claim that is not barred, his civil rights suit still fails. He agreed in his criminal case to a factual basis, and cannot now pick apart the testimony that forms that factual basis – revising his own position in an attempt to be consistent with only portions of it – in order to manufacture "two isolated factual contexts" to maintain his claim. Only one factual context – one in which Winder never stopped struggling, and the deputies only used their batons after other attempts to restrain Winder failed – exists according to the hearing testimony.

In fact, this case is akin to one in which the underlying criminal case proceeded to trial. If a jury, presented with the same evidence that was presented to the judge at the preliminary hearing, decided Winder was guilty, it would of necessity have determined that none of the actions taken by the deputies constituted excessive force. *Beets,* 669 F.3d at 1045; *City of Hemet*, 394 F.3d at 699 n.5. The same result would obtain even if Winder had presented additional evidence. If the jury nevertheless convicted, he would not now be able to ask a new civil jury to pick apart the earlier evidence to determine the factual basis for his underlying conviction. Thus, allowing Winder to do so in this situation, when he agreed that the preliminary hearing transcript provided the factual basis for his no contest plea – and when he also had the opportunity, even if he did not take it, to limit the facts on which the criminal judge relied – would undermine the purpose of the *Heck*-bar.

Winder's speculation that certain actions "alone *could* constitute resisting by use of force," (Pltf.'s Opp. [Dkt. 37] at 8 (emphasis added)), and that he can therefore point to the preliminary hearing transcript and essentially say that the factual basis is "in there somewhere" is not supported by the law. "Where a defendant is charged with a single-act offense but there are multiple acts involved each of which could serve as the basis for a conviction, a jury does not determine which specific act or acts form the basis for the conviction," rather, the jury's verdict – or, here, the judge taking Winder's plea – "necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would 'necessarily imply the invalidity of his conviction.'" *Beets*, 669 F.3d at 1045 (*quoting City of Hemet*, 394 F.3d at 699 n.5 (*quoting Susag v. City of Lake Forest*, 94 Cal. App. 4th 1401, 1410 (2002))).[6]

Winder's attempt to separate out his claim against Deputy Bustamante from that against Deputy Ortiz likewise fails. While only Deputy Bustamante is specifically named in the felony complaint against Winder, the testimony given by Bustamante at the preliminary hearing encompassed *all* of the actions taken by both deputies, including all of the baton strikes about which Winder complains. Again, this single factual context, all of which was presented at the preliminary hearing and adopted by Winder as the factual basis for his plea, may not be, in hindsight, subjected to temporal hair splitting. Winder's claims against both deputies fail.

---

[6] Winder argues that the defendants "misrepresent the record" because the judge in the preliminary hearing did not "adjudicate any issue on its merits." (Pltf.'s Opp. [Dkt. 37] at 12.) This is not true. The judge found probable cause to hold Winder for trial. The judge thus found it "more probable than not" that Winder had committed the charged crime, which is precisely what the judge indicated during the proceedings. That probable cause standard is essentially that which a jury uses in a civil case, *i.e.*, the jury decides which side wins based on a preponderance of evidence (except in specific instances not applicable here). But, in any event, it is the criminal trial court judge that relied on Winder's adoption of the preliminary transcript as the basis for his plea. The trial court judge acted as the trier of fact in determining whether Winder could be found guilty or not.

And because his claims against the County employee defendants fail, his claim against the County likewise fails of necessity.

## V. CONCLUSION

For all of the foregoing reasons, IT IS ORDERED that defendants' Motion for Summary Judgment is GRANTED on the ground that the claims alleged in the Complaint are *Heck*-barred. As the *Monell* ground for summary judgment raised in defendants' Motion was unopposed, IT IS ORDERED that summary judgment is GRANTED on that ground as well.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 5, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE